JLS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KENNETH RICHARD THOMPSON HINES,

    Plaintiff,

v.

OFFICER SCOTT NEUHAUS,

    Defendant.

CIVIL ACTION
NO. 17-1387

### MEMORANDUM

SCHMEHL, J. /s/                                            APRIL //, 2018

Defendant Officer Scott Neuhaus moves for dismissal of *pro se* Plaintiff Kenneth Richard Thompson Hines' Complaint. In his complaint, Mr. Hines *pro se* alleges Section 1983 violations against Officer Neuhaus for his improper arrest of Mr. Hines following Mr. Hines' purchase of an Apple iPhone from an "unknown source" on the street. Mr. Hines alleges violations of his Fourteenth Amendment rights under the United States Constitution and Eleventh Amendment rights under the Commonwealth of Pennsylvania Constitution. Officer Neuhaus argues he is immune from suit in the instant action citing qualified immunity. For the reasons below, Officer Neuhaus' motion to dismiss will be granted.

### I.    STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard when the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Burtch v. Millberg Factors, Inc.*, 662 F.3d 212, 220-21 (3d Cir. 2011) (citing *Iqbal*, 556 U.S. at 678). While the plausibility

standard is not "akin to a 'probability requirement,'" there nevertheless must be more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

The Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679); see also *Burtch*, 662 F.3d at 221; *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d Cir. 2010).

Our analysis changes when a party represents itself *pro se*. The Supreme Court requires us to "liberally construe" a *pro se* document. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

## II. PLEAD FACTS

As a result of his conduct, the Commonwealth, through the District Attorney of Chester County, Pennsylvania, charged Mr. Hines with receiving stolen property. (ECF Docket No. 12-1, at 3.) On February 17, 2017, the District Attorney of Chester County moved to *nolle prosequi* Mr. Hines' case. (ECF Docket No. 1-2, at 8.) Thereafter, in March 2017, Kenneth Richard Thompson Hines filed a civil complaint against Officer Scott Neuhaus of the Downingtown Police Department. (ECF Docket No. 6.)

Mr. Hines alleges he purchased an Apple iPhone 6plus from an "unknown source" on the street for $350.00. (ECF Docket No. 6, at ¶ 5.) After purchasing the phone, Mr. Hines attempted to activate the phone; however, the iPhone's security did not allow Mr. Hines to access the contents of the phone without an e-mail/username and password. (Id. at ¶ 6.) Mr. Hines called the one number on the phone which was Annette Legendre's phone number – the owner of the iPhone in Mr. Hines' possession. (Id.) Ms. Legendre spoke to Mr. Hines and told him the phone was stolen and wanted it returned. (Id. at 7.) Mr. Hines informed Ms. Legendre that he would agree to meet at a specific location and return the phone, but Ms. Legendre indicated her "husband" would be meeting with Mr. Hines in her place. (Id. at 8.) Mr. Hines agreed so "she would not feel like the Plaintiff was getting over on her." (ECF Docket No. 6, at ¶ 8.)

According to Mr. Hines, he received a phone call from Ms. Legendre's husband "Dave" – later identified as Officer Scott Neuhaus – agreeing to meet at a specific location. (Id. at ¶¶ 9-10.) Mr. Hines claims he "wanted to do the right thing and get the phone back to Annette['s] son." (Id. at ¶ 11.) Prior to the meeting, Mr. Hines asked Officer Neuhaus for money in return, claiming he had three kids and needed the money for college. (Id. at ¶ 12.) Officer Neuhaus

3

offered to meet Mr. Hines at a pizza parlor in Downington, Pennsylvania, near Kerr Park. (Id. at ¶ 13.) Mr. Hines agreed, then changed the location to a Wawa convenience store in Thorndale, Pennsylvania, and then again changed the meeting location to a Giant Food Store (the grocery chain) in the area. (Id. at ¶ 14.) While at Giant, Mr. Hines directed Officer Neuhaus – still posing as Ms. Legendre's husband – to the frozen food section so Officer Neuhaus would "feel safe and know that this was not a robbery." (Id. at ¶ 15.) Mr. Hines met Officer Neuhaus and returned the iPhone. (Id. at ¶ 16.) Both men exited the grocery store and proceeded to the parking lot when Officer Neuhaus identified himself as an officer. (Id. at ¶¶ 17-18.)

After identifying himself as an officer, Officer Neuhaus asked Mr. Hines some preliminary questions regarding a criminal complaint for a stolen phone. (Id. at ¶ 18.) Mr. Hines indicated he had no knowledge of any such criminal complaint. (Id. at ¶ 22.) Following his questioning, Officer Neuhaus read Mr. Hines his Miranda rights – which Mr. Hines did not waive. After an unspecified amount of time, Mr. Hines eventually "signed [a] Form and was charged with receiving stolen property." (Id. at ¶ 23.) Mr. Hines claims he now suffers from emotional distress, pain and suffering, stress, and depression because he would "always be remembered as the man who got arrested at Giant." (Id. at ¶¶ 20-26.) Mr. Hines also contends he suffered loss of business following his arrest. (Id. at ¶¶ 30-35.)

The District Attorney of Chester County charged Mr. Hines with receiving stolen property. The Commonwealth was prepared to go to trial; however, Ms. Legendre no longer wanted to press charges following a conversation between Ms. Legendre and Officer Neuhaus. The District Attorney of Chester County applied to *nolle prosequi* citing prosecutorial discretion and all charges were withdrawn.

4

## III. ANALYSIS

Officer Scott Neuhaus argues qualified immunity bars damages recovery on Mr. Hines' claims because his seizure and arrest did not violate Mr. Hines' federal rights. Officer Neuhaus argues his arrest of Mr. Hines was lawful. While not specifically plead, Mr. Hines implies qualified immunity does not apply to Officer Neuhaus because he lacked probable cause to arrest Mr. Hines following the iPhone exchange. Mr. Hines claims his due process rights under the Fourteenth Amendment were violated, but Officer Neuhaus argues Mr. Hines' claims fall squarely within Fourth Amendment principles. We address both in the context of Officer Neuhaus' qualified immunity.

"Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Kisela v. Hughes*, 584 U.S. __ (2018) (*per curiam*) (citing *White v Pauly*, 580 U.S. __, __ (2017) (*per curiam*) (slip op., at 6) (alterations and internal quotation marks omitted)); *see also Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The Supreme Court "stress[es] the importance of resolving immunity questions as the earliest possible stage in litigation" because the immunity is effectively lost if a case is erroneously permitted to go to trial. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

Our analysis of qualified immunity is two-pronged: 1) "whether the alleged facts, taken in the light most favorable to the injured party 'show [that] the [government official]'s conduct violated a constitutional right[.]'" *Zaloga v. Borough of Moosic*, 841 F.3d 170, 174 (2016); and 2) "whether the right was clearly established 'in light of the specific context of the case, [and] not as a broad general proposition.'" *Id.* (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). We use our discretion to decide which qualified immunity prong to address first "in light of the

5

circumstances in the particular case at hand." *Pearson*, 555 U.S. at 236. We will address each in the order presented above.

First, an officer "cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." *Plumhoff v. Rickard*, 572 U.S. __, __ (2014) (slip op., at 12). This Court finds Officer Neuhaus is entitled to qualified immunity because his arrest of Mr. Hines did not violate clearly established law. An officer conducting an arrest or seizure is entitled to qualified immunity where "clearly established law does not show that the [seizure] violated the Fourth Amendment." *Pearson*, 555 U.S. at 243-44. "This inquiry turns on the 'objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken.'" *Id.* (citing *Wilson v. Layne*, 526 U.S. 603, 614, (1999); *Hope v. Pelzer*, 536 U.S. 730, 739, (2002)). "Because the focus is on whether the officer has fair notice that her conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (*per curiam*). Specifically, officers must be on notice that their conduct is unlawful to be subjected to suit. Officer Neuhaus' actions during his encounter with Mr. Hines are in line with both the Fourth and Fourteenth Amendments, given the existence of probable cause at the time of the arrest and his objectively reasonable belief Mr. Hines committed the offense. Officer Neuhaus argues the facts presented by Mr. Hines, taken in the totality of the circumstances, establishes sufficient probable cause to arrest Mr. Hines.

"Probable cause exists whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested." *United States v.*

6

*Myers*, 308 F.3d 251, 255 (3d Cir. 2002). Officer Neuhaus argues the following facts establishes probable cause:

> 1) Plaintiff reported to Ms. Legendre and Officer Neuhaus that he purchased the phone from an "unknown source on the street" for $350.00; 2) Plaintiff told Ms. Legendre that he would meet with her husband to return the phone so she would not feel that Plaintiff was getting over on her; 3) Plaintiff asked Officer Neuhaus if he could get money for returning the phone; 4) Plaintiff told Officer Neuhaus that he had three (3) children, was going to college and did not have much money; and 5) Plaintiff changed the drop off place for the phone twice. Plaintiff further states in the complaint that he told Officer Neuhaus to meet him [in] the frozen food section so he would feel safe and know that it was not a robbery. Accordingly, by his own admission, there was reason for Officer Neuhaus to believe the entire incident was a set-up and there was reason to believe that Plaintiff was committing a crime. Plaintiff's failure to identify the person from whom he allegedly purchased the phone; his admission that Ms. Legendre might feel that Plaintiff "was getting over on her"; his contradictory statements that he was not returning the phone for the money but did not have a lot of money (although he allegedly just spent $350.00 on the phone); his changing of the drop off location twice – all of this when taken as a whole establish probable cause to arrest Plaintiff.

(ECF Docket No. 12-1, at 6.) Independently, these facts may not establish probable cause; however, taken together in the totality of the circumstances, Officer Neuhaus possessed the objective reasonableness to believe Mr. Hines committed the offense of receiving stolen property at that moment. Because qualified immunity shields an officer from personal liability "when an officer reasonably believes that his or her conduct complies with the law," Officer Neuhaus is entitled to qualified immunity given his reasonable belief that his conduct did not violate clearly established statutory or constitutional rights. Likewise, had we found Officer Neuhaus violated Mr. Hines' federal rights, we agree with Defendant that "his reasonable, but mistaken belief about what was required at the time still shields him from liability." (Id. at 12.)

Second, while there is no caselaw directly on point "for the right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate." *White*, 580 U.S., at __ (slip op., at 6). The Fourth Amendment grants the right of the people to

be free from unreasonable search and seizure absent a warrant or probable cause. U.S. Const. amend. IV. The Fourteenth Amendment restricts any State from depriving any person of life, liberty, or property, without due process of the law. U.S. Const. amend. XIV. Both are clearly established rights enjoyed by all persons in the United States. However, it is unclear if Mr. Hines clearly established his right in light of the specific context of the case and not as a broad general proposition. Furthermore, given the totality of the circumstances, this Court would be hard pressed to find Mr. Hines' Fourth and Fourteenth Amendment rights were violated.

Accordingly, taking the facts in the light most favorable to Mr. Hines, it is clear that Officer Neuhaus' conduct did not violate Mr. Hines' constitutional rights. This Court finds Officer Neuhaus is entitled to qualified immunity.

## IV. CONCLUSION

In the accompanying order, this Court grants Defendant Officer Scott Neuhaus' motion to dismiss. Given Officer Neuhaus objective belief that probable cause existed, and because Officer Neuhaus' unlawfulness was not clearly established, Officer Neuhaus is entitled to qualified immunity. While Mr. Hines is a *pro se* litigant and should be held to "less stringent standards than formal pleadings drafted by lawyers," this Court feels that amendment in this case would be inequitable or futile. The Clerk of Court is directed to close this case.